NO. 07-04-0259-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 11, 2005
_____

Ex parte MICHAEL R. POE,

                                        Appellant
_____

FROM THE DISTRICT COURT OF DALLAM COUNTY;

NO. 3120-3; HON. RON ENNS, PRESIDING
_____

***Memorandum Opinion***
_____

Before QUINN, REAVIS, and CAMPBELL, J.J.

Michael R. Poe appeals from a letter ruling of the trial court denying his request for an exemption from the obligation to register as a sex offender. Via five issues, he contends that the laws requiring him to so register, until his death, do not apply to him retroactively and that, if they do, they are unconstitutional because they do. We overrule each issue and affirm the order.

Appellant was convicted of aggravated sexual assault in 1993 and placed on community supervision. In 1997, the State moved to revoke his community supervision. The motion was granted, and the trial court sentenced appellant to eight years imprisonment. In that same year, the Texas Legislature amended the state's law requiring

sexual offenders to register and extended the duty of those convicted of aggravated sexual assault to continue to register for life. TEX. CODE CRIM. PROC. ANN. art. 62.12(a)(1) (Vernon Supp. 2005). So too did it specify that the change applied to reportable offenses (such as aggravated sexual assault) that occurred on or after September 1, 1970. *Id.* art. 62.11(a). Since appellant committed the reportable offense for which he was convicted after September of 1970, the obligation to register for his lifetime applied and applies to him. Finally, the retroactive application of the extended duty has been held constitutional. *See Rodriguez v. State*, 93 S.W.3d 60, 66 (Tex. Crim. App. 2002) (so holding).

Accordingly, we affirm the trial court's order.


Brian Quinn
Justice


Do not publish.